IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SENTRY SELECT INSURANCE**                                                **PLAINTIFF**
**COMPANY**

**V.**                                                                    **NO. 1:22-CV-14-DMB-DAS**

**MICHAEL COCKRELL AND**
**JOHN DOES A-D**                                                      **DEFENDANTS**

**ORDER**

Following an entry of default against Michael Cockrell, Sentry Select Insurance Company moved for a default judgment against him on its negligence claim. The Court finds a default judgment is warranted and that the evidence submitted by Sentry supports its request for $188,700.65 in damages. But because Sentry submitted no evidence of its court costs, Sentry's motion for default judgment will be granted in part and denied in part.

**I**
**Procedural History**

On January 12, 2022, Sentry Select Insurance Company filed a complaint in the United States District Court for the Northern District of Mississippi against Michael Cockrell and "John Does A-D." Doc. #1. The complaint alleged a negligence claim arising from the collapse of a roof built by Cockrell and owned by Sentry's insured, and sought to recover actual damages for "the reimbursement for the cost of the repair or replacement of the collapsed roof." *Id.* 2, 4.

Because "the complaint [did] not specify which type of entity Sentry is," on January 18, 2022, the Court ordered Sentry to show cause why this case should not be dismissed for lack of diversity jurisdiction. Doc. #3 at 2. In response, Sentry timely filed an amended complaint clarifying its organizational form and the citizenship of the parties. Doc. #4. The amended

complaint asserts the same negligence claim as the original complaint. *Compare* Doc. #4 *with* Doc. #1. Cockrell was personally served with copies of the summons, complaint, and amended complaint on April 6, 2022. Doc. #12.

On May 10, 2022, Sentry moved for an entry of default against Cockrell based on Cockrell's failure to answer or otherwise respond to the amended complaint. Doc. #14. Default was entered against Cockrell the same day. Doc. #15. On June 15, 2022, Sentry filed a motion for default judgment. Doc. #16.

## II
## Analysis

Pursuant to "Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon a motion of the plaintiff." *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). "Under Fifth Circuit law, there are three steps to obtaining a default judgment: first, default by the defendant; second, clerk's entry of default; and third, entry of a default judgment." *Gray v. MYRM Holdings, L.L.C.*, No. A-11-cv-180, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012) (emphases omitted) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F. 3d 137, 141 (5th Cir. 1996)). The first two steps have been satisfied here. Thus, the only issue left to consider is whether default judgment should be entered. In making this determination, the Court conducts a three-question analysis: (1) "whether the entry of default judgment is procedurally warranted;" (2) "whether there is a sufficient basis in the pleadings for the judgment;" and (3) "what form of relief, if any, the plaintiff should receive." *J & J Sports*, 126 F. Supp. 3d at 814.

### A. Procedural Justification

In determining whether a default judgment is procedurally warranted, a court should

consider (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

First, where, as here, a party fails to respond to or answer the complaint, there are no material issues of fact at issue. *See Alvarado Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 753 (N.D. Tex. 2020) ("[B]ecause Eltman has not filed any responsive pleading, there are no material facts in dispute.").

Second, Cockrell's failure to respond causes prejudice to Sentry because it "threatens to bring the adversary process to a halt, effectively prejudicing [Sentry's] interests" in pursuing its rights afforded by law. *Id.* (internal quotation marks omitted).

Third, as mentioned above, the grounds for default (default and entry of default) have been clearly established.

Fourth, there is no evidence before the Court that the "default was caused by a good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893.

Fifth, Cockrell has not attempted to set aside the default in the approximately five months since it was entered. "[W]hile default judgment is a harsh remedy, any harshness is mitigated [when] the defendant has had substantial time to correct the default." *Helena Chem. Co. v. Aylward*, No. 4:15-cv-96, 2016 WL 1611121, at *2 (N.D. Miss. Apr. 21, 2016).

Finally, in the event Cockrell later seeks to challenge the default, the Court is unaware of any facts that would make it "obligated to set aside the default." *Lindsey*, 161 F.3d at 893.

Considering the relevant factors, all weigh in favor of a default judgment being

procedurally warranted in this case.

### B. Basis in Pleadings

Because a "defendant, by his default, admits the plaintiff's wellpleaded allegations of fact," courts "take[] as true the facts asserted by a plaintiff against a defaulting defendant." *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). However, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 492–93 (emphasis omitted) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see Nishimatsu*, 515 F.2d at 1206 ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."). Addressing the "sufficient basis in the pleadings" requirement, the Fifth Circuit has stated:

> Despite announcing that a default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings, the *Nishimatsu* court did not elaborate on these requirements. … and we have found no guidance in our own cases. Nevertheless, we draw meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint.
>
> Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests. The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Detailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation.

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (cleaned up).

#### 1. Factual allegations

As part of a contract dated June 30, 2015, Cockrell "designed, constructed, and/or built" the roof of a commercial building owned by Amory Marine Sales, Inc. Doc. #4 at ¶ 10. The roof "unexpectedly collapsed" during inclement weather on or about February 19, 2021, "resulting in sundry property damage to a structure and contents" owned by Amory Marine. *Id.* ¶¶ 1, 10, 13.

Cockrell "failed to secure a construction/building permit from the City of Amory prior to performing the work." *Id.* at ¶ 12. The roof "was unable to withstand various wind and load requirements required by ordinances and codes of the local municipality." *Id.* at ¶ 13.

Sentry issued a commercial policy of property insurance which "provide[s] coverage to Amory Marine with respect to the subject roof collapse." *Id.* at ¶ 11. As part of its obligation under the insurance agreement, Sentry was "called upon … to reimburse and or to provide insurance coverage to Amory Marine for the cost of repairing and replacing" the roof. *Id.* After providing coverage, Sentry "became subrogated to the rights of [Amory Marine] for recovery of all sums paid out to repair the damages and replace the property." *Id.*

### 2. Negligence claim

Negligence is a failure to exercise reasonable care under the circumstances. *Estate of St. Martin v. Hixson*, 145 So. 3d 1124, 1128 (Miss. 2014). To establish its negligence claim, Sentry must show the existence of a duty, breach of the duty, causation, and injury. *Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 76 (Miss. 2017).

Sentry alleged that (1) Cockrell "designed, constructed, and/or built" Amory Marine's roof; (2) Cockrell failed to obtain a construction permit and his construction failed to meet the City of Amory's ordinances and codes; (3) because of such failures, the roof collapsed during inclement weather; and (4) the collapsed roof caused property damage to Amory Marine. These allegations support Sentry's negligence claim. *See George B Gilmore Co. v. Garrett*, 582 So. 2d 387, 393 (Miss. 1991) (a builder has "a duty to build … in a manner reasonably commensurate with the then existing skill, knowledge and technology prevailing in the construction industry").

### C. Relief

"A default judgment establishes the defendant's liability but not the quantity of damages."

*L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019). Rather, following a default judgment, "[a] plaintiff bears the burden of proving his damages." *Niemi v. Lasshofer*, 770 F.3d 1331, 1355 (10th Cir. 2014); *see Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) ("[T]he burden of establishing [default judgment] damages rest[s] squarely and solely on [plaintiff] …."). "[W]here a mathematical calculation of unliquidated damages is possible with reference to adequately detailed affidavits, a hearing [on damages] is not necessary." *J & J Sports Prods., Inc. v. Bermudez*, No. 17-cv-387, 2017 WL 4448244, at *4 (W.D. Tex. Oct. 5, 2017) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

Sentry seeks "$188,700.65 representing the reasonable costs of repair or replacement of the subject roof, post judgment interest, and all costs of court." Doc. #16 at 3. In support of its damages request, Sentry relies on the affidavit of Scott A. Kezeske, a senior claims representative who evaluated Amory Marine's claim for the collapsed roof and resulting damages. Doc. #16-1. Kezeske attests that "it was determined to a reasonable degree of engineering certainty, that the roof failed as a result of an improper design and construction by … Cockrell;" and "[a]s a result of the losses sustained by [Amory Marine]," Sentry paid (1) $33,000.00 for "removal and temporary repairs to the roof;" (2) $91,934.40 for replacement of the roof; (3) $20,427.67 for "removal and replacement … of the awning;" and (4) $43,333.58 for "repairs to … the interior of the building."[1] *Id.* at 2. The exhibits attached to Kezeske's affidavit include an itemized list of invoices and payments, copies of checks, and copies of invoices. *Id.* at PageID 75–90.

In Mississippi,[2] with respect to property damage, "[a] plaintiff can choose to prove either

---

[1] Due to an error, the numbers listed in Kezeske's affidavit total five dollars less than the amount requested. However, the documents attached indicate that the cost of interior repairs actually totaled $43,33**8**.58, such that the total $188,700.65 is supported by the record. *See* Doc. #16-1 at PageID 75.

[2] When, as here, "jurisdiction is based on diversity, [federal courts] must apply the substantive law of the forum state." *Donahue v. Makar Installations, Inc.*, 33 F.4th 245, 249 n.5 (5th Cir. 2022).

reasonable cost of replacement or repairs or diminution in value, and if he proves either of these measures with reasonable certainty, damages are allowable, so long as the plaintiff will not be unjustly enriched and the defendant does not demonstrate that there is a more appropriate measure of damages." *Miller v. Vicksburg Masonic Temple*, 288 So.3d 372, 378 (Miss. Ct. App. 2019) (quoting *Bell v. First Columbus Nat'l Bank*, 493 So. 2d 964, 970 (Miss. 1986)). Sentry's evidence of the invoices and payments made to Amory Marine for repairs resulting from the collapsed roof amounts to $188,700.65 and is therefore sufficient to prove with reasonable certainty an award of the same. *See* Doc. #16-1 at PageID 75–90. Because the Court is unaware of any facts indicating Sentry would be unjustly enriched or that there is a more appropriate measure of damages, the Court finds Sentry is entitled to an award of $188,700.65 in damages.

As to Sentry's request for post-judgment interest, "[i]n diversity cases, federal law controls the award of postjudgment interest." *ExxonMobil Corp. v. Electrical Reliability Servs., Inc.*, 868 F.3d 408, 419 (5th Cir. 2017). "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Accordingly, Sentry is entitled to post-judgment interest at the statutory rate. *See Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456–57 (5th Cir. 2013) ("Postjudgment interest is not discretionary but shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield.") (cleaned up) (quoting 28 U.S.C. § 1961).

To the extent Sentry seeks to recover "all costs of court,"[3] it has provided no details or evidence to establish an award of such costs. So the motion will be denied without prejudice in this respect and Sentry will be allowed to renew its request for "all costs of court."[4]

---

[3] Doc. #16 at 3.

[4] Sentry does not specify what "all costs of court" means. To the extent such includes attorneys' fees, it must provide sufficient evidence of both their amount and reasonableness as well as its entitlement to such.

## III
## Conclusion

Sentry's motion for default judgment [16] is **GRANTED in Part and DENIED in Part**. It is GRANTED such that a default judgment will be entered against Cockrell and Sentry will be awarded $188,700.65 in damages plus post-judgment interest. It is DENIED without prejudice to the extent it seeks "all costs of court." Within seven (7) days of the entry of this order, Sentry may renew its request for "all costs of court."

**SO ORDERED**, this 19th day of October, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**