IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SENTRY SELECT INSURANCE COMPANY**                                            **PLAINTIFF**

**V.**                                                        **CIVIL CAUSE NO. 1:22-CV-14-DMB-DAS**

**MICHAEL COCKRELL AND JOHN DOES A-D**                              **DEFENDANTS**

## ORDER

On March 27, 2023, the plaintiff, Sentry Select Insurance Company, filed its Motion to Compel Judgement Debtor to Appear for Examination and Motion for Sanctions for Failure to Appear at a properly Noticed Deposition. Docket 24.

I.  Background

The plaintiff filed its Complaint on January 12, 2022. Docket 1. The defendant Michael Cockrell was personally served on April 6, 2022, but never appeared in this case. Docket 12. The Clerk of Court entered default on May 10, 2022, and a default judgment was entered against the defendant on October 19, 2022. Docket 15, 18. This court entered its Final Judgment on December 20, 2022, awarding the plaintiff "$188,700.65 plus post-judgment interest." Docket 18, 21.

The plaintiff now seeks to conduct post-judgment discovery to determine how to collect the judgment against the plaintiff. The plaintiff noticed the defendant's deposition for March 20, 2023, under Federal Rule of Civil Procedure 69(a)(2) and sought the production of certain documents and things under Rule 45. Docket 22. The defendant failed to appear or produce any of the requested documents. Docket 24, 24-1. As a result, the plaintiff has moved for an order compelling the defendant to appear for examination and produce the information described in the

Notice of Deposition. Docket 24. Further, the plaintiff asks the court to award the fees and expenses resulting from the defendant's failure to appear for his deposition which total $5,538.33. *Id.*

II. Discussion

Federal Rule of Civil Procedure 69(a)(2) allows a judgment creditor to "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." "Rule 69 was intended to establish an effective and efficient means of securing the execution of judgments." *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967). Rule 69(a)(2) imposes a liberal standard:

> The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor. The discovery must be relevant to that purpose, however, and may not be used in order to harass the judgment debtor or any third parties.

13 James Wm. Moore *et al.,* MOORE'S FEDERAL PRACTICE-CIVIL § 69.04 (2008); *see also* 12 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 3014 (1997) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution.... The scope of examination is very broad, as it must be if the procedure is to be of any value."); *F.D.I.C. v. LeGrand,* 43 F.3d 163, 172 (5th Cir.1995) ("The scope of postjudgment discovery is very broad ....").

The defendant has not responded to any of the requests in the plaintiff's subpoena *duces tecum* and failed to appear for the deposition noticed for March 20, 2023. The Certificate of

Service accompanying the Notice of Deposition reflects that the defendant was served by mail at the mailing address provided therein.[1] Docket 22. Under Rule 37,

> [o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37. The court will excuse the plaintiff from the requirement to confer in good faith due to the defendant's total lack of participation in this action. Finding the plaintiff entitled to the discovery it seeks, the plaintiff's motion to compel is granted. The defendant is ordered to appear for a deposition no later than June 30, 2023, and on the date of his deposition, is ordered to produce all books, papers, and other documents pertaining to his assets and liabilities, which are described and identified in the Notice of Deposition.

Next, the court will consider the plaintiff's request to recover the fees and costs associated with the defendant's failure to appear as well as the fees incurred in drafting the motion to compel. Under Federal Rule of Civil Procedure 30(d)(2), "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." If a motion to compel is granted,

> the court must, *after giving an opportunity to be heard*, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

---

[1] The court notes that in addition to service by mail, the Affidavit of James E. Welch, Jr. identifies an expense of $100.00 for "Service of Process on Cockrell" dated March 9, 2023. Docket 24-2.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis supplied). Before awarding expenses, "the party to be sanctioned must have an opportunity to be heard." *Rose v. First Colony Cmty. Servs. Ass'n, Inc.*, 199 F.3d 440 (5th Cir. 1999) (explaining "[t]he Advisory Committee Notes state that the court may consider awards of expenses either on written submissions or in an oral hearing").

The plaintiff states in a sworn declaration that it incurred $5,538.33 in expenses and attorney's fees "in preparing for, travel to and from the deposition, and attending the March 20, 2023 deposition, as well as drafting [its] motion to compel." The defendant may file a written submission by June 9, 2023, showing cause why this court should not order it to pay attorney's fees in the amount of $5,538.33.

III. Conclusion

The plaintiff's motion to compel is granted. The defendant is ordered to produce the documents sought and appear for deposition no later than June 30, 2023. The defendant is further ordered to show cause by June 9, 2023, why this court should not order him to pay the plaintiff's attorney's fees in the amount of $5,538.33.

**SO ORDERED,** this the 23rd day of May, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**