IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SENTRY SELECT INSURANCE COMPANY**                     **PLAINTIFF**

V.                                  **CIVIL CAUSE NO. 1:22-CV-14-DMB-DAS**

**MICHAEL COCKRELL AND JOHN DOES A-D**                   **DEFENDANTS**

**ORDER**

On May 23, 2023, the court granted the plaintiff Sentry Select Insurance Company's motion to compel and ordered the defendant Michael Cockrell to show cause by June 9, 2023, why he should not be ordered to pay the plaintiff's attorney's fees in the amount of $5,538.33. Docket 24. As of the date of this order, the defendant has not submitted a response.[1] *See* Docket.

Because this court granted the motion to compel, the rules require—subject to certain exceptions prescribed by Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii)[2]—the Court to grant sanctions. Having given the defendant the opportunity to be heard, the defendant has made no effort to establish that one of the exceptions under Rule 37(a)(5)(A) applies, and thus the court finds that an award of fees is warranted.

When determining a reasonable attorney's fee award, courts apply the lodestar method. Under this method, the court multiplies the "number of hours reasonably expended [on the

---

[1] On June 13, 2023, a notice of attorney appearance was filed for the defendant [Docket 27], and on June 14, 2023, the defendant filed an unopposed motion to stay the post-judgment proceedings until a forthcoming motion to set aside the default judgment is decided [Docket 28]. The defendant has not responded to the court's specific directive to show cause why he should not be ordered to pay the plaintiff's fees. Docket 25.

[2] The court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys fees. But the court must not order this payment if:
    (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
    (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or
    (iii)  other circumstances make an award of expenses unjust.

matter] ... times a reasonable hourly rate" to determine the "lodestar" figure. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "[T]he burden is on the applicant to produce satisfactory evidence." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum*, 465 U.S. at 895 n.11); s*ee also Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). In determining the amount to be awarded, the court may then adjust the "lodestar" upward or downward based on consideration of several factors, for example, the time and labor required, the novelty and difficulty of the questions, and the skill requisite to perform the legal service properly. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

As an attachment to the motion to compel, the plaintiff submitted a sworn declaration that it incurred $5,538.33 in expenses and attorney's fees "in preparing for, travel to and from the deposition, and attending the March 20, 2023 deposition, as well as drafting [its] motion to compel." The affidavit provides the total fee is comprised of $4,800.00 in attorney fees for 19.2 hours at an hourly rate of $250.00 and $738.33 in costs for service of process, mileage, and court reporter fees. The fees and costs are outlined in an itemized invoice attached to counsel's affidavit.

Based on the hourly rates awarded in other cases in federal court in Mississippi, an hourly rate of $250.00 per hour is reasonable. *See Hernandez v. Newell*, 2023 WL 3881354, at *2 (S.D. Miss. Mar. 27, 2023); *Robinson v. Bridgewater Owners Association, Inc.*, 2018 WL 1751029, at *2 (awarding $200.00 an hour as reasonable after previously granting a motion to compel) (citing *Lighthouse Rescue Mission, Inc. v. City of Hattiesburg, Mississippi*, 2014 WL 1653108, n. 4 (S.D. Miss. April 23, 2014) (listing cases awarding rates from $150.00 to $275.00 per hour)). Having considered the affidavit and itemized invoice, the court finds the plaintiff's accounting of its expenses to be reasonable.

It is, therefore, **ORDRED**, that the defendant Michael Cockrell shall reimburse the plaintiff in the amount of $5,538.33 for the reasonable costs it incurred in filing the motion to compel.

This the 15th day of June, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**